NEW-YORK,
May, 1814.

DANFORTH
v.
CULVER.

DANFORTH *against* CULVER.

In an action on a promissory note, the defendant pleaded the statute of limitations, and the plaintiff proved that within a year of the trial and after the commencement of the suit, the defendant, on being shown the note, admitted that he had executed the note, but said it was outlawed, and that he meant to avail himself of the statute of limitations; this was held not to be sufficient evidence of a promise to pay within six years. An acknowledgment does not revive the *old* debt; but is evidence only of a *new promise*, of which the former debt is the consideration. The acknowledgment, or promise to pay, though made after the commencement of the suit, is sufficient.

THIS was an action of *assumpsit*, tried at the last *Onondaga* circuit, before Mr. Justice *Thompson*. The declaration contained a count on a promissory note made by the defendant to the plaintiff, dated the 18th *September*, 1804, for thirty dollars, payable in one year from the date, with interest. There was also a count on a note or memorandum in writing, dated *May* 30, 1803, by which the defendant promised to pay the plaintiff twenty-five dollars in cattle, at cash price, on the 1st day of *October* then next. There were also the usual money counts. The defendant pleaded *non assumpsit*, with *notice*, in writing, of a set-off, and of the statute of limitations. After the notes were proved by the plaintiff, the defendant objected that they were barred by the statute. The plaintiff then proved that the notes in question were presented and shown to the defendant, within a year of the time of trial, and since the commencement of the suit, who then admitted that he had executed them, but observed that the notes were outlawed, and that he meant to avail himself of the statute of limitations; and stated further that he had delivered to the plaintiff three or four tons of hay which were to be applied to the payment of the notes. The defendant's counsel objected that this evidence of the admission of the defendant of the execution of the note, accompanied with a declaration that he intended to avail himself of the statute of limitations, was not sufficient evidence of a new promise, so as to entitle the plaintiff to recover. The judge was of this opinion, but permitted the plaintiff to take a verdict, subject to the opinion of the court on a case which was submitted without argument.

Two points were stated for the consideration of the court:

1. Whether the acknowledgment of the defendant, with the accompanying declaration, was sufficient to take the case out of the statute?

2. If the acknowledgment was sufficient, whether the plaintiff could not avail himself of it, though made after the commencement of the suit?(a)

(a) See *Yea* v. *Fouraker*, 2 *Burr.* 1099.

*Per Curiam.* The evidence to take this case out of the statute is, that the defendant, when the notes were shown to him, "admitted that he exeented them, but observed that they were outlawed, and that he meant to avail himself of the statute of limitations." Even if we were to admit the authority of all the adjudged cases on the point, in the *English* courts, we should not think this to be such an acknowledgment of the debt as would authorize the jury to presume a new promise. It was for a long time held, in *England*, that an acknowledgment of a debt, without a promise to pay, was not enough to deprive the defendant of the benefit of the statute.* It was then adopted as a rule of evidence, that an acknowledgment of a debt was evidence only to warrant a jury in inferring a promise to pay; but was not matter, if specially found, on which the court would give judgment for the plaintiff. (*Heylin* v. *Hastings, Com. Rep.* 54.)† Afterwards, the courts went further, and it was held, that the slightest word of acknowledgment, or writing an ambiguous and begging letter, would have the effect of taking the case out of the statute. (*Quantock* v. *England*, 5 *Burr.* 2630.)‡ But no case appears to have gone so far as to consider such facts as are stated in this case, as having that effect. In *Lloyd* v. *Maund*, (2 *Term Rep.* 760.)(a) Lord *Kenyon* nonsuited the plaintiff, not thinking that the letter of the defendant amounted to an acknowledgment of the debt, so as to take it out of the statute; but the other three judges thought the evidence sufficient to go to the jury: all of them, however, agreed that there must be an acknowledgment of the debt to take it out of the statute.

In *Bryan* v. *Horseman*,(b) (4 *East*, 599.) the defendant, when arrested, said, "I do not consider myself as owing Mr. *Bryan* a farthing, it being more than six years since I contracted. I have had the wheat, I acknowledge, and I have paid some part of it, and 26*l.* remains due." This was held to be sufficient to take the case out of the statute; it certainly amounted to an actual admission that part of the debt was due.

In *Clarke* v. *Bradshaw and Coghlan*, (3 *Esp. N. P. Cas.* 155.)§ one of the defendants, *Coghlan*, wrote a letter, within a year preceding the trial, promising to pay the demand. The other defendant, after he was arrested in the suit, said that the plaintiff

* *Dickson* v. *Thompson*, 2 *Show.* 126. 2 *Vent.* 152.

† S. C. 5 *Mod.* 425. S. C. *Carth.* 470. S. C. 1 *Ld. Raym.* 389. S. C. 1 *Salk.* 29. *Bull. N. P.* 148.

‡ *Cowp.* 548. *Peake's N. P. Cas.* 93.

§ *Peters* v. *Brown*, 4 *Esp. N. P.* 46.

(a) See *Bicknell* v. *Kepple*, (4 *Bos. & Pull.* 20. or 1 *New Rep.* 20.)
(b) See *Rucker* v. *Hannay*, n. (4 *East*, 604.)

had paid money for him 12 or 13 years ago; but that he had since become a bankrupt, by which he was discharged, as well by law, as from the length of time since the debt had accrued." This Lord *Kenyon*, before whom the cause was tried, thought was a sufficient acknowledgment to take the case out of the statute. This was a *nisi prius* opinion, on which little reliance is to be placed, and the letter written by *Coghlan* was abundantly sufficient to take the case out of the statute.(a) In all the cases on the subject, it is considered that the acknowledgment of a debt, barred by the statute, is evidence to the jury of a new promise, under the replication of *assumpsit infra sex annos*. It is not reconcilable with common sense, to say that the bare admission of the execution of the notes, in this case, accompanied with a declaration that the party meant to avail himself of the statute of limitations, shall be evidence of a promise to pay when the party protests against paying, and against his liability.

In the case of *Jones* v. *Moore*, (5 *Bin. Rep.* 573.) the counsel for the defendant, *arguendo*, observed, that "if an acknowledgment operated by revival of the original debt, then it would answer, though accompanied by an express refusal to pay, which was contrary to the opinion of the present chief justice, in *Murray* v. *Tilly*, and of Judge *Washington*, in *Reide* v. *Wilkinson*." *Tilghman*, Ch. J. in the same case, says, " when the defendant pleads *non assumpsit infra sex annos*, and the plaintiff replies *assumpsit infra sex annos*, how can the issue be found for the plaintiff without proof of a promise, express or implied, within six years?" And *Yeates*, J. says, " where it" (the acknowledgment of the debt) " is accompanied by circumstances or declarations, that the party means to insist on the benefit of the statute, no promise can possibly be implied, without violating the truth of the case, and so it has been decided."(b)

This reasoning is founded in principle, and is perfectly satisfactory. We are of opinion that the defendant is entitled to judgment.

Judgment for the defendant.

(a) See *Jackson* v. *Fairbank*, (2 *H. Bl.* 340.) *Whitcomb* v. *Whiting*, (*Doug.* 652.) *Poth. Trait. des Oblig.* n. 663. 665. *Cod.* lib. 8. tit. 40. s. 5.

(b) See, also, *Bosanquet, arguendo*, in *Bryan* v. *Horseman*, (4 *East*, 600—60S.) *Cowan* v. *Magauran*, (*Wall. Rep.* 66. 71.) *Ferguson* v. *Taylor*, (1 *Haym. Rep.* 20. 239.) 2 *Sulk.* 421, 422. 2 *Wms. Saund.* 64. b. n.