FOR THE COUNTY OF

# KENNEBEC.

## JUNE TERM,

## 1824.

### PERLEY vs. LITTLE.

Where, upon trial of an issue of fact, the evidence offered by the plaintiff, and not controverted by the defendant, is deemed insufficient to maintain the action, the Court may *order* a nonsuit; and this is no infringement of the *Declaration of Rights, sec.* 20, which secures the privilege of trial by jury.

Nor does the ordering of a nonsuit, in such case, in the Court below, abridge the right of appeal secured by *Stat.* 1822, *ch.* 193, *sec.* 4, such order being subject to revision in this Court by bill of exceptions in the nature of appeal, by the same statute *sec.* 5.

Proof that the defendant said—" *If I owe you any thing, I will pay you ; but I owe you nothing,*"—is not sufficient evidence of a new promise to avoid the bar of the statute of limitations.

In *assumpsit* for fees as attorney at law, the defendant pleaded the statute of limitations in bar of the action. At the trial in the Court below, before *Whitman C. J.* the plaintiff proved a letter received from the defendant after the services performed, but more than six years since, in which he promised to pay for the services claimed in this suit ; and also proved that within six years past the defendant said to him, " *If I owe you any thing on that claim I will pay you ;—but I owe you nothing.*" On this evidence the Judge directed a nonsuit, on the ground that it was not sufficient to take the case out of the statute ; to which the plain-

tiff filed exceptions, alleging that the evidence was sufficient,
and that the Judge had no authority to order a nonsuit without
consent of the plaintiff, but should have submitted the evidence
to the jury.

*Clark*, for the plaintiff, now contended that a nonsuit could be
entered only by request of the defendant, as he only had a right to
demand the plaintiff. And the plaintiff is in no case compelled
to become nonsuit after appearance, even in a Court of final
jurisdiction. 2 *Tidd's Pr.* 797, 798. 2 *Bl. Rep.* 239. *Watkins
v. Towers.* 2 *D. & E.* 279, 281. 3 *D. & E.* 662. 1 *Burr.* 358.
*Cowp.* 483. 1 *Stra.* 267. 2 *Stra.* 1117. 3 *Bl. Com.* 316, 376.
*Const. of Maine, Decl. Rights, sec.* 20. *Macbeath v. Haldimand*
1 *D & E.* 176.

In this State, where the right of appeal to a higher tribunal
depends upon the rendition of a judgment upon verdict or demur-
rer, if it were in the power of the Court below to order a
peremptory nonsuit, the plaintiff might be deprived of his right of
appeal at its pleasure. It is necessary, therefore, for the pres-
ervation of this right, that when the party joins an issue to the
jury, it should be found for or against him, under the direction of
the Court.

To the point that the evidence was sufficient to prove a new
promise, he cited *Cowp.* 548. *Bicknell v. Keppell* 1 *New Rep.*
19. *Bryan v. Horseman* 4 *East* 599. *Baillie v. Inchiquin* 1 *Esp.*
435. *Clark v. Bradshaw* 3 *Esp.* 155. *Lawrence v. Worall Peake's
Ca.* 93. *Leaper v. Tatton* 16 *East* 420. *Sluby v. Champlin* 4
*Johns.* 469. *Lloyd v. Maund* 2 *D. & E.* 670. 5 *Maule & Selw.*
75. 2 *Barnw. & Ald.* 760. *Danforth v. Fowler* 11 *Johns.* 146.

*Little, pro se*, said he had given no attention to the first point,
because he supposed the nonsuit consented to ;—but if it was not,
yet as the case does not shew that the plaintiff was nonsuit against
his consent to that mode of deciding the cause, it is to be pre-
sumed that he had no objection to it.

As to the matter pleaded in bar, he referred the Court to
*Lawrence v. Hopkins* 13 *Johns.* 288. 11 *Johns.* 146. 15 *Johns* 511.

Perley *v.* Little.

MELLEN C. J. delivered the opinion of the Court as follows.

It has been objected by the plaintiff's counsel that the nonsuit ordered by the Court of Common Pleas in this case was irregular and without legal authority ; and that for this reason, we ought to set it aside, as an exception was filed against this decision or order. It appears that no proof had been introduced, except by the plaintiff ; and as this was deemed incompetent to maintain the action, admitting it to be true, the Court considered it useless and improper to permit the cause to proceed ; because there were no facts for the jury to try, or evidence to compare and weigh, as in cases where proof has been produced on *both sides.* In a case *like the present,* we think that Court has a right to order a nonsuit ; because if its opinion of the law is mistaken, and upon the facts proved by the plaintiff, the action is maintainable, the error may be corrected and the plaintiff be restored to his rights by filing an exception to the order and decision of the Court, as was done in the present instance. The provision in the declaration of rights alluded to by the plaintiff's counsel, is in no way violated or affected by such a proceeding. There is no privilege in a trial by jury to establish facts which are admitted by all concerned to be true. The case, however, is very different as to the right of that Court to enter a default and judgment against a defendant, who answers and claims to have a trial by the jury ; as we have decided in the case of *Frothingham v. Dutton 2 Greenl.* 255. We refer to that case for the reasons of the distinction. We are therefore of opinion that the Court below had a legal authority, in the exercise of its judicial functions, to order a nonsuit ; subject to the revision of this Court as to the correctness of the legal principles on which it was ordered, on exceptions filed by the plaintiff.

The next question is whether, upon the facts proved, the opinion excepted against was correct ; if so, the judgment must be affirmed ; if not, it must be reversed, the nonsuit set aside, and the cause must stand for trial. It cannot be necessary to examine the long catalogue of decisions upon the question, what words amount to an acknowledgment of a debt, or a new promise, sufficient to take a case out of the statute of limitations. The

cases are in many instances contradictory ; often presenting distinctions which *now* appear to be more nice than wise ; more ingenious than substantial. They discover plainly on the part of the Court a disposition, as far as possible, to give such a construction to the language made use of by the defendant, as to save the plaintiff's demand from the operation of the statute ; as though its provisions were prejudicial to the community, and of course, that it was the duty of Judges to stand as centinels to watch critically against the approach of danger to the rights of those, who are extremely inattentive to those rights themselves. Less refinement would have left the law upon the subject more certain ; and more effectually produced the beneficial consequences anticipated to result from such a statute. In the construction of contracts the Courts are always desirous of ascertaining the *meaning of the parties* ; and, if consistent with legal principles, of carrying that meaning into effect : and it is not easy to perceive why so plain a rule should have been departed from, in many instances, in the construction of those expressions, relied upon as amounting to a new promise or an acknowledgement of a debt. Yet such has certainly been the case ; but it is equally true that a more rational and consistent construction has been gradually introduced, and has received high judicial sanctions. We will notice a few cases to shew the correctness of the foregoing observations. In *Trueman v. Fenton Cowp.* 548, Lord *Mansfield* says that these words, " I am ready to account, but nothing is due to you,"—and much slighter acknowledgments, will take a debt out of the statute. This seems only a *dictum* of Lord *Mansfield* ; as the case itself did not involve any question depending on the statute of limitations. In *Bryan v. Horseman* 4 *East* 599, there was an explicit acknowledgment on the part of the defendant that 26*l.* of the plaintiff's demand *then* remained due. In *Lawrence v. Worrall Peake's Ca.* 93, these words were held by Lord *Kenyon* sufficient ;—" What an extravagant bill you have delivered me !" In *Rucker v. Hannay,* 4 *East* 604, *note,* these words were considered as proper for the consideration of the jury as an acknowledgment ;—" *since the bill of exchange* (on which the action was founded) *became due,* (which was more than six years before) *no demand for payment*

Perley *v.* Little.

*had been made on him.*" In *Peters v. Brown,* also cited by the plaintiff, 4 *Esp.* 46, there was an express admission of the debt. The defendant said to the witness, " *I can't pay you ; I must pay Mr. Peters* (the plaintiff) *first, and then I will pay you.*" In the case *Clark v. Bradshaw* 3 *Esp.* 155, Lord *Kenyon* held that, because the defendant acknowledged " the plaintiff had paid money for " him twelve or thirteen years before, but that he, the defendant " had since become a bankrupt, by which he was discharged as " well by *law* as equity, from the length of time," these words took the case out of the statute. In *Bailie v. Inchiquin* 1 *Esp.* 435, the defendant, by his letter, clearly recognised the justice and existence of the plaintiff's demand and his own liability. In the case of *Leaper v. Tatton* 16 *East* 420, the Court considered the debt as taken out of the statute by this language of the defendant,—that *he had* been liable, but *was not then,* because it was out of date, and that he could not pay it. These are the strongest cases cited by the plaintiff's counsel ; and there seems to be at least a latitude of construction in some of them. More recent cases, however, in England and in this country, have established, in several instances, more liberal principles in relation to this subject. According to some of these, where the acknowledgment of the debt is accompanied by a declaration of the party that he intends to insist on the benefit of the statute, the case will not be taken out of it. *Danforth v. Culver* 11 *Johns.* 146. *Murray v. Tilby* 5 *Binn.* 576. In *Rowcroft v. Lomas* 4 *M. & S.* 458, the Court stated that " something more must be " proved than a bare acknowledgment that the thing is unsatisfied " to give effect to that which is *per se* destroyed." In that case the defendant confessed he *signed* the note ; but added that he *had not* paid it, and *never would* ;—that it was *out of date,* and the *law would not compel him to pay it.* In *Clemenston v. Williams* 8 *Cranch* 74, the Court decided that the acknowledgment must be that the debt *remains still due.*

In that case, a debt had been contracted by partners, and one of the partners who was not sued, when applied to, said " that "the account was due, and that he supposed it had been paid by the " defendant, but had not paid it himself and did not know of its " being paid."—The Court did not consider *this* as sufficient to

Perley *v.* Little.

take the case out of the statute; and *Marshall C. J.* observed that " the statute was not enacted to protect persons from claims " fictitious in their origin; but from ancient claims, whether well " or ill founded, which may have been discharged, but the evi- " dence of discharge may be lost.—It is not sufficient to take " the case out of the act, that the claim should be proved or " acknowledged to have been originally just; the acknowledg- " ment must go to the fact *that it is still due.*" He further observed that the decisions had gone full as far as they ought to be carried, and that the statute of limitations should be res- pected as other statutes, and not be explained away. This decision is one of high character and importance. In *Sands v. Gelston* 15 *Johns.* 511. *Spencer C. J.* in delivering the opinion of the Court says—" It would be doing violence—to say that there is " evidence from which a promise may be inferred, to pay a de- " mand, the justice and equity of which, as well as the defendant's " liability to pay it, *is utterly denied.*" By these principles we may test the declarations of the defendant. If he had only said, —" if I owe you any thing on the above mentioned claim, I will pay you," the words would take the case out of the statute, *the debt being proved to be due*;—but he added in the same sentence, " but I owe you nothing." This *absolute denial* is at least a bal- ance for the preceding *conditional promise*; and all the sentence, taken together, amounts to nothing, and leaves the original demand just as it stood before. But even without this *express denial*, the *conditional promise* would not avail the plaintiff, for the case pre- sents no *proof* or *offer* of proof that the defendant *did then owe* the plaintiff anything; and yet such proof is necessary in cases of such conditional acknowledgment or promise. Doubts, uncertainties and equivocal expressions, ought not, *by construction*, to be con- verted into promises or acknowledgments. The plain and fair meaning of the party making use of the expression should be sought for, and then permitted to have its legitimate influence, and nothing further, in the decision of the question.

We are of opinion the nonsuit was proper, and that it must be confirmed.

*Judgment for the defendant.*