Rattle, J.
 

 There is no rule of law more clearly and firmly established by the adj udications of this State, than the one
 
 *89
 
 that, to repel the bar of the plea of the statute of limitationsin the action of assumpsit, there must be an express promise to pay the debt, or a distinct acknowledgment of it as an existing debt, from which a promise to pay it may be implied. It is equally well-settled,
 
 “
 
 that a promise to pay cannot be inferred, simply from an admission, that the debt had been contracted, and was originally just; or, from the further admission, that it had not been paid, if at the same time, the defendant denied his liability, and did not, in some way, indicate his intention or willingness to pay. It is immaterial on what ground the defendant denies his liability or places his refusal to pay; whether it be because, as he says, the debt was never due, or because he had paid it, or because he insisted on a legal protection from the payment. In either case, the refusal to pay, repels the idea of a promise to pay ; and there must be such a promise either expressed or implied to prevent the bar of the statute.”
 
 McGlensey and Wolfe
 
 v. Fleming, 4 Dev. and Bat. 129 ;
 
 Wolfe
 
 v. Fleming, 1 Ire. Rep. 290 ;
 
 Smith
 
 v.
 
 Leeper,
 
 10 Ire. Rep. 86. From the cases of
 
 Fanforth
 
 v. Culver, 11 John. Rep. 146, and
 
 Johnson
 
 v. Beardslee, 15
 
 Ibid.
 
 3, cited by the plaintiff’s counsel, the same rules seem to prevail in the State of New York. In the application of these rules to the facts of this case, we are'of opinion that no promise to pay the debt, sued on, can be implied from the terms in which the defendant acknowledged it in his letter to the plaintiff. The time of limitations on his contract of endorsement, had not then expired, and he could not, in truth, sa}7 otherwise, than that ho was then bound ; but it would be a very strained and unwarrantable construction of his language, to imply from it a promise to remain liable for the debt, longer than he was already. On the contrary, he' urged upon the plaintiff, to collect the note from the maker, or to release him “soon thereby plainly intimating a wish to put an end to his liability as endorser. It is impossible to say that he intended to assume any. new responsibility, or in' any manner to extend the old. Snch language cannot be held to be an express promise to pay the debt, nor can there
 
 *90
 
 be fairly inferred, from if, an implied promise to pay at any moment beyond the time limited by law. We, therefore, agree with his Honor, in the Court below, that the bar of the statute was not repelled.
 

 Per Curiam,
 

 Judgment affirmed.