JAMES ROLFE, PLAINTIFF IN ERROR, V. THEODORE PILLOUD, DEFENDANT IN ERROR.

1. **Statute of Limitations:** NEW PROMISE. A writing signed by the party, as follows: "I am sorry that you have had to pay the notes of Frank Pilloud and myself, upon which you was security for us. I can not at this time pay you the money, but propose to pay you my share, which I am told is about $413. I hope to be able to pay you soon, but I will let you know in a few days what I can do." *Held*, To take the debt out of the statute of limitations.

2. ———: NEW PROMISE AFTER DEBT BARRED. A partial payment, acknowledgment of the debt, or promise to pay, made after the debt is barred, will revive it.

3. **Practice:** OPENING AND CLOSING. A defendant is not entitled to the opening and closing on a trial, unless he by his answer admits the allegations of the plaintiff's petition and relies entirely upon matter of defense set up in his answer.

4. ———: VERDICT OF JURY. The verdict of a jury upon questions of fact submitted to them is final, unless such verdict is manifestly wrong.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*C. A. Baldwin*, for plaintiff in error, cited: *Mayberry v. Willoughby*, 5 Neb., 370. *Johnson v. Ghost*, 11 Id., 418. *Brenneman v. Edwards*, 7 N. W. R., 621. *Bell v. Morrison*, 1 Peters, 351. 1 Smith's Leading Cases, 714.

*Congdon, Clarkson & Hunt*, for defendant in error.

REESE, J.

On the twenty-first day of August, 1866, the plaintiff in error and one Frank Pilloud executed certain promissory notes to Brayley & Pitts, and for whom the defendant in error and L. Pilloud became surety. The notes were transferred to one W. Dunton, who obtained a judgment thereon against Frank Pilloud and the defendant in error for the sum of $593.85, on the tenth day of May, 1871, in the state of Iowa, and which judgment the defendant in error and Frank Pilloud paid. On the twenty-third day of August, 1876, the plaintiff in error signed an instrument in writing, of which the following is a copy:

"August 23, 1876.

"MR. THEODORE PILLOUD—I am sorry that you have had to pay the notes of Frank Pilloud and myself, upon which you was security for us. I cannot at this time pay you the money but propose to pay you my share, which I am told is about $413. I hope to be able to pay you soon, but I will let you know in a few days what I can do.

"JAMES ROLFE."

An action was brought in the district court, and upon trial, judgment was rendered in favor of the defendant in error.

The question presented is, whether the foregoing letter is sufficient to take the debt out of the operation of the statute of limitations.

Section 22 of the code of civil procedure is as follows: "In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise."

By an examination of the letter we find, 1st, an admission that defendant in error had paid a debt upon which he was surety for the plaintiff in error, and that he could not at that time pay the defendant in error the amount so paid, but that he, plaintiff in error, proposed to pay his share (one-half), which he was informed was about $413, and which he hoped to be able to pay soon. It is fully proven that this letter referred to the debt for which this action is brought, and it acknowledges an existing debt. It is as clearly a promise to pay the half (or share) of the amount paid by the defendant in error.

While the statute requires an acknowledgment or promise, yet it is not necessary that either the word "acknowledge" or "promise" should be used by the party making the acknowledgment or promise. If the writing, by a reasonable and proper construction, amounts to an acknowledgment or promise it is sufficient.

The statute does not attempt to define the form of the acknowledgment or promise, but simply declares that if an acknowledgment or promise is made, the action may be brought within the time specified after it is made.

The plaintiff in error claims that as the debt was barred at the time of the promise, it could not be revived by any acknowledgment or promise, that by virtue of the statute the debt is extinguished and cannot be revived. To this we cannot agree. Section 5 of the code provides that "civil actions can only be commenced within the time prescribed" in this title, and section 22 in treating of actions

founded on contracts provides that "when any part of the principal or interest shall have been paid," or an acknowledgment or promise shall have been made in writing, an action may be brought within the period prescribed, "after such payment, acknowledgment, or promise." The evident intention of the legislature was that an action might be commenced within the time prescribed, after the payment, acknowledgment, or promise, without reference to the time when the payment, acknowledgment, or promise was made. There is an apparent conflict of authority upon this point, but, from the examination which we have been able to make, we think that in most instances where courts have held as claimed by the plaintiff in error, it has been upon the peculiar wording of the statutes. The weight of authority is clearly with the views above expressed.

There are other assignments of error which require a passing notice. It is insisted by the plaintiff in error that he should have had the opening and closing of the case on the trial. We doubt not he might have been entitled to that privilege had the issues been differently formed. To them we must look. It is true the answer admits the execution of the notes, and "admits that his name is signed to the paper, a copy of which is attached to the plaintiff's petition," but alleges that each and every allegation and averment in said petition contained, not expressly admitted to be true, "are untrue, and he denies the same, each and every of them." This was evidently done to place the burden of proof upon the defendant in error in the matter of the allegations thus denied, and the ruling of the court was right.

Again it is claimed that the plaintiff in error did not understand the contents of the letter when he signed it, and that he did not know it contained a promise to pay. This question was submitted to the jury, and, while the testimony was conflicting, there is sufficient to sustain the finding, and the verdict will not for that reason be set aside.

Rolfe v. Pilloud.

In our examination of this record, we find that the court instructed the jury as follows:

"5th. Should you find for the plaintiff, your verdict will be for a sum equal to one-half of the judgment rendered against plaintiff and said Frank Pilloud, in Iowa, with interest from that date, to-wit, the 10th day of May, 1871.

"6th. You are instructed to compute interest at seven per cent per annum should you find it necessary to compute interest."

The amount of the judgment as alleged in the petition and admitted in the answer was $593.85; one-half of which would be $296.92. The interest upon this amount for eleven years and seven months, the length of time for which interest should have been computed, is $230.69, which, added to one-half of the judgment, makes a total of $527.61, for which judgment should have been rendered; but the jury by their verdict found the amount to be $595.13, which is $67.52 more than it should have been, and to that extent the damages are excessive, and the judgment will for that reason be reversed and a new trial ordered unless the defendant in error enter a remittitur in this court of said amount within thirty days from this date. If such remittitur is filed within said time, then the judgment of the district court will be affirmed. The costs in this court are taxed to the defendant in error.

JUDGMENT ACCORDINGLY.

THE other judges concur.