Nelson v. Becker.

## W. S. NELSON v. A. U. BECKER.

[FILED MAY 6, 1891.]

1. **Attorney and Client**: CONFIDENTIAL COMMUNICATIONS made
   by a party to an attorney are privileged, and cannot be given in
   evidence unless the party consents thereto.

2. **Limitations.**   An action. upon a foreign judgment is barred in
   five years.

3. ——: REVIVOR: ACKNOWLEDGMENT. A debt that is barred
   will be revived if the debtor in writing unqualifiedly acknowl-
   edges an existing liability.

4. ——: ——: ——. *Held,* That the letters copied in the opin-
   ion did not take the debt out of the statute of limitations.

ERROR to the district court for Webster county.    Tried
below before GASLIN, J.

*J. L. Kaley,* and *Jas. McNeny,* for plaintiff in error,
cited, on the question of the acknowledgment of the debt:
*Rolfe v. Pilloud,* 16 Neb., 21; *Devereaux v. Henry,* Id.,
55; *Elder v. Dyer,* 26 Kan., 604; *Bissell v. Jaudon,* 16
O. St., 506–7.

*J. S. Gilham,* contra, cited, contending that the letters were inadmissible: *Fort Scott v. Hickman,* 112 U. S., 150; *Watson v. Moore,* 1 Car. & K. [Eng.], 627; *Sibert v. Wilder,* 16 Kan., 176; *Schmucker v. Sibert,* 18 Id., 109; *Clawson v. McCune,* 20 Id., 337; *Kierstead v. Brown,* 23 Neb., 595; *Sherer v. Piper,* 26 O. St., 476; *Melby v. Osborne,* 29 N. W. Rep., 58; *Dailey v. Coons,* 64 Ind., 546; *Jennings Co. v. Verbarg,* 63 Id., 108; *Draper v. Hatfield,* 124 Mass., 53; *Bangs v. Hall,* 2 Pick. [Mass.], 368; *Danforth v. Culver,* 11 Johns. [N. Y.], 146; *Hanson v. Towle,* 19 Kan., 273.

NORVAL, J.

This action was commenced in the district court of Webster county, on the 11th day of November, 1887, on a judgment in favor of the plaintiff in error against the defendant in error, and one George H. Smith, rendered in the supreme court of the state of New York, within and for the county of Erie, on the 13th day of May, 1878, for the sum of $3,448.08.

The petition in the court below, after setting up the recovery of the judgment, and that no part thereof has been paid, avers that in the year 1886 the defendant acknowledged in writing his liability for the amount of said judgment.

The defendant in his answer alleges in substance that he has been a resident of this state continuously since May 18, 1878, and denies that he has ever acknowledged the validity of the judgment within five years prior to the commencement of this suit.

A trial was had to the court upon the petition, answer, and evidence, and a judgment was rendered in favor of the defendant.

Section 10 of the Code of Civil Procedure, which prescribes the period within which an action can be brought on a foreign judgment, reads as follows:

"Sec. 10. Within five years, an action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment."

It appears from the testimony, as well as the allegations of the answer which were not controverted by a reply, that the defendant in error had continuously been a resident of this state for more than nine years prior to the bringing of this suit in the district court, and subsequent to the entry of the judgment against him in Erie county, New York. This action was therefore barred unless the defendant has done some act which removed the bar of the statute.

There was introduced in evidence on the trial in the court below certain letters written by the defendant, of which the following are copies:

"EXHIBIT B.

"RED CLOUD, NEBRASKA, February 1, 1886.

"E. PARDEE: In 1877 you, as attorney for Willis Nelson, wrongfully procured judgment against me for $2,000. Your judgment is long since outlawed in this country, and was it not you could not collect from me. I expect to live here while 1 live. If I was in your place with all my effects you could not collect $1 from me. I am much out of health; if you will cause the judgment to be discharged from record in Buffalo I will pay you ($40) forty dollars. Are you still attorney for Nelson?

"ANSON U. BECKER.

"EXHIBIT C.

"RED CLOUD, NEBRASKA, March 9, 1886.

"*G. S. Piper, Fulton, N. Y.*—DEAR SIR: Yours 5th inst. received. When Cothrane offered you $500 I was not *strapped*. Now I have no choice. Must do as I can if anything. I shall probably never live east of here, and don't care much about this *wicked judgment* and cannot pay much if I would. I am an old man, and if I can be

discharged from the judgment for the amount of $40 I will make the sacrifice. Is Nelson living? Is Pardee living? Are you the son of Judge Piper, of Lewiston, New York (Niagara county), forty years ago?

"Yours, etc,        A. U. BECKER.

"EXHIBIT D.

"RED CLOUD, WEBSTER CO., NEBR., June 5, 1886.

"*G. S. Piper, Fulton, N. York*—DEAR SIR: I wrote you January last, got no reply. Will you, *for me*, try to get the judgment, Willis Nelson against me, discharged from record, cheap as you can? *I pay you.* You please recollect I asked you if you was still counsel for other party. You did not reply. Please reply and oblige me.

"Yours, etc.,      ANSON U. BECKER.

"EXHIBIT E.

"RED CLOUD, NEB., October 18, 1886.

"*G. S. Piper, Fulton, N. York*—DEAR SIR: Can you aid me in getting discharged from the judgment held against me by W. S. Nelson, of your place; if you can and will I will pay you. Please write me.

"Yours, etc.,      A. U. BECKER."

Section 22 of the Civil Code provides that "In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same after such payment, acknowledgment, or promise."

Assuming, as is argued by the plaintiff, that the provisions of said section apply to actions founded upon a foreign judgment, which we do not now decide, are the letters copied above sufficient to remove the bar of the statute? We think not. The last two letters are privileged communications and were not entitled to be read in evidence.

They were introduced over the objection of the defendant. They clearly show upon their face that they were written by the defendant to Piper, an attorney, for the purpose of employing him professionally to procure the cancellation of the judgment herein sued upon, and were not intended to be communicated to the plaintiff. In the letters he proposed to Piper to pay him for his services. The statute expressly prohibits any attorney from giving evidence of any confidential communication made to him by his client, unless the client consents thereto. (Code, secs. 328, 333.) The protection of the statute applies to communications made from a party to an attorney in negotiating to employ him. The fact that Piper, to whom the letters were addressed, was one of the attorneys for the plaintiff in obtaining the judgment, can make no difference. He was not addressed in that capacity, as the letters clearly show. The defendant doubtless thought that after the lapse of nine years he was no longer Nelson's attorney, and supposed he could employ him. These two communications are privileged, and as the defendant did not waive the protection of the statute, they cannot be considered as evidence in the case.

The defendant, in the other two letters, does not acknowledge that the judgment is an existing liability. They mention the judgment, it is true, but that is not of itself sufficient. In the first letter the defendant speaks of it as the "wrongfully procured judgment," and insists that it is barred in Nebraska by the statute of limitations. In the other he refers to it as the "wicked judgment." The defendant was liable in New York, as the judgment was not barred there. The letters were nothing more than propositions to give $40 to buy his peace. The fair and reasonable construction of the language used, indicates that it was not the intention of Becker to unqualifiedly acknowledge that he was bound for the satisfaction of the judgment. To remove the bar of the statute, the debtor must unquali-

fiedly acknowledge an existing liability. (*Rolfe v. Pilloud*, 16 Neb., 21; *Devereaux v. Henry*, Id., 55; *Bangs v. Hall*, 2 Pick., 368; *Danforth v. Culver*, 11 Johns., 146; *Hanson v. Towle*, 19 Kan., 273; *Barlow v. Barner*, 1 Dillon, 418; *Ft. Scott v. Hickman*, 112 U. S., 150.)

In *Hanson v. Towle, supra,* the court in the opinion say: "A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an acknowledgment as is contemplated by the statute. There must be an unqualified and direct admission of a present subsisting debt on which the party is liable."

We are satisfied that the letters introduced in evidence did not take the judgment out of the statute of limitations.

It is argued that the court erred in excluding the letters written by the defendant's wife to the plaintiff in November, 1887. The testimony conclusively shows that the defendant knew nothing of these letters until long after they were written. The letters disclose that she proposed to use her own means to procure a discharge of the judgment and make her husband a Christmas present of the judgment satisfied. The letters were inadmissible.

The judgment of the district court is.

AFFIRMED.


THE other judges concur.