GEORGE W. FRANCE, APPELLANT, v. ROBERT W. RUBY, APPELLEE.

FILED FEBRUARY 25, 1913. No. 17,052.

1. Limitation of Actions: ACKNOWLEDGMENT OF DEBT. A mere reference to a promissory note, although consistent with its existing validity and implying no disposition to question its binding obligation, and which contains no suggestion of any action in reference to it, is not such an acknowledgment as is contemplated by section 22 of the code.

2. ———: ———. To toll the statute of limitations, there must be an unqualified and direct admission of a present, subsisting debt on which the party is liable. *Nelson v. Becker*, 32 Neb. 99.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Lambe & Butler* and *France & France,* for appellant.

*J. F. Fults, contra.*

BARNES, J.

Action on a promissory note for $977.54, given by the defendant to one Harvey on the 21st day of April, 1883, and payable five days after date. Plaintiff's petition was in the usual form, with the additional allegation that on the 23d day of August, 1909, and while plaintiff was still the owner of the note, defendant wrote a letter to plaintiff as follows: "Beaver City, 8-23-'09. Mr. France—Dear

Sir: In regard to that note it is impossible to do anything about it. I have nothing to pay with. This is the third year in succession for crops to burn up here, so you see we are in no position to do anything. Respt., R. W. Ruby." No payment either of the principal or interest is alleged in the petition, and the foregoing letter was pleaded and relied on to toll the statute of limitations. A demurrer to the petition was sustained. Plaintiff refused to further plead, and his action was dismissed. From that judgment plaintiff has appealed.

The sole question presented for our determination is: Does defendant's letter amount to an unqualified acknowledgment of an existing liability for the payment of the note in question? A like question was before this court in *Nelson v. Becker*, 32 Neb. 99. In that case certain letters written by the defendant were relied on to toll the statute, and it was held that they were not an acknowledgment of an existing liability. Section 22 of the code provides: "In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise." In construing that statute it was said: "To remove the bar of the statute, the debtor must unqualifiedly acknowledge an existing liability." In *Hanson v. Towle*, 19 Kan. 273, it was said: "A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an 'acknowledgment' as is contemplated by the statute. This must be an unqualified and direct admission of a present, subsisting debt on which the party is liable."

As we view the record, this case should be ruled by *Nelson v. Becker, supra*, and the judgment of the district court is

AFFIRMED.