LUMIR T. KOTAS AND DOROTHY E. KOTAS, APPELLEES, v. GEORGE M. SORENSEN, APPELLANT.

345 N.W.2d 1

Filed March 2, 1984. No. 82-801.

W. Travis Burney, for appellant.

Joseph J. Cariotto, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On November 1, 1969, plaintiffs, Lumir T. and Dorothy E. Kotas, entered into a written agreement with George M. Sorensen. The Kotases gave Sorensen $5,000, which Sorensen agreed to repay within 60 days after written demand. Sorensen also agreed to

pay 4 percent interest per quarter on the borrowed sum. The legal interest rate at the time was 9 percent per annum.

On February 1, 1974, Sorensen wrote to Mr. Kotas as follows: "As you remember on 2 May 1973 I sent you a letter informing you that I was terminating all the investment accounts in Pheonix [sic]. I made a trip to Pheonix [sic] the weekend of Dec 15, 1973 and talked to Bob Ronhovde regarding the delay in settling the program there. Some of you know that a law suit was filed there, and until it is settled I will be unable to clear up your account. I was informed that it would come to court on the 11th of January. I Contacted Bob Ronhovde by telephone January 20, 1974 and was informed that there are still some delays such as, they wanted a complete inventory and assessed valuation of everything involved and it could take another 60 days or more. I do appreciate very much your patience in this."

On January 17, 1979, the Kotases filed a petition against Sorensen, alleging that only $2,330 had been paid on the agreement and seeking recovery of $9,800 plus interest and costs. In the petition it was alleged that Sorensen had renewed the agreement by the written letter of February 1, 1974, set out above.

Sorensen's amended answer to the petition alleged that the Kotases' suit was barred by the statute of limitations and that the interest rate was usurious.

Pursuant to Neb. Rev. Stat. § 25-221 (Reissue 1979), a hearing was held before the trial judge, sitting without a jury, to determine the issue of the defense of the 5-year statute of limitations, Neb. Rev. Stat. § 25-205 (Reissue 1979). At this hearing the evidence showed without dispute that the last payment of interest was made on January 30, 1973, and that the statute of limitations period had run unless Sorensen's letter of February 1, 1974, tolled the statute. The trial judge determined that the statute of limitations was tolled by the February 1, 1974,

letter and that, therefore, the statute had not yet run when the action was begun.

The case immediately proceeded to jury trial on the remaining issues. The jury returned a verdict of $8,182.32 for Mr. and Mrs. Kotas and against Sorensen. Judgment was entered on this amount, and this appeal timely followed.

Sorensen, in his assignments of error in this court, alleges that the trial court erred in overruling Sorensen's defense that the statute of limitations had run; in failing to find that the agreement between the parties was usurious as a matter of law; and in improperly instructing the jury. We determine that the trial court erred in failing to find that the statute of limitations had run, and we reverse and remand the case with directions to dismiss.

It is clear that the written agreement between the parties is, in effect, a demand note due 60 days after written demand. Section 25-205 provides that actions on written agreements must be instituted within 5 years after the cause of action accrues. In this case the statute of limitations would have run 5 years and 60 days after November 1, 1969. Neb. U.C.C. § 3-122 (Reissue 1980). Therefore, unless the running of the statute was tolled by Sorensen's letter of February 1, 1974, the statute bars the Kotases' action.

Neb. Rev. Stat. § 25-216 (Reissue 1979) provides that the statute of limitations on a written agreement will be tolled "when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made in writing . . . ."

The question presented is whether Sorensen has made "an acknowledgment of an existing liability . . . in writing." In determining what constitutes acknowledgment, Nebraska cases have followed the rule set out in 54 C.J.S. *Limitations of Actions* § 311 at 380-81 (1948), where it is stated: "An ac-

knowledgment sufficient to warrant or support the inference of a promise to pay the debt and to toll or remove the bar of the statute of limitations must be clear, certain, direct, and unequivocal. Acts or declarations relied on as acknowledgments sufficient to remove the bar of the statute of limitations will be closely scrutinized. The words used must be construed according to their just and natural import, without putting on them any force or constraint, and mere vague and uncertain expressions or conversations will not suffice. The most profuse acknowledgment of gratitude or of other moral obligation will not do.''

In 51 Am. Jur. 2d *Limitation of Actions* § 328 at 827-29 (1970), it is stated: ''An acknowledgment of a debt, to remove the bar of the statute of limitations, must be a distinct, unqualified, unconditional recognition of an obligation for which the person making the admission is liable. . . .

''Applying the foregoing rule, it is held that the following are insufficient to remove the bar of the statute: declarations by a debtor that he has no funds to pay a debt; a mere admission of legal liability; an admission of the original justness of the claim; a mere acknowledgment of the debt, although in writing, as having once existed; . . . . It has been held that a mere reference to the indebtedness, although consistent with its existing validity and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an acknowledgment as is contemplated by the statute . . . .''

The Nebraska cases on this question begin with *Nelson v. Becker*, 32 Neb. 99, 48 N.W. 962 (1891). In that case the debtor Becker wrote two letters in 1886 concerning an 1878 judgment in New York. In the first letter Becker referred to a ''wrongfully procured judgment,'' and stated: ''Your judgment is long since outlawed in this country, and was it not you could not collect from me. . . . If I was in your

place with all my effects you could not collect $1 from me. I am much out of health; if you will cause the judgment to be discharged . . . I will pay you ($40) forty dollars." *Id.* at 101, 48 N.W. at 962. Becker's second letter said that he did not "care much about this *wicked judgment,*" and renewed the offer to settle for $40. *Id.* at 101, 48 N.W. at 963. We stated at 103-04, 92 N.W. at 963: "To remove the bar of the statute, the debtor must unqualifiedly acknowledge an existing liability." We held that Becker's letters did not take the judgment out of the statute of limitations.

In *France v. Ruby,* 93 Neb. 214, 140 N.W. 175 (1913), Ruby, the debtor, wrote some 26 years after the execution of a promissory note payable 5 days after April 21, 1883, "In regard to that note it is impossible to do anything about it. I have nothing to pay with. This is the third year in succession for crops to burn up here, so you see we are in no position to do anything." *Id.* at 215, 140 N.W. at 176. We held that this letter was not an unqualified acknowledgment of an existing debt, citing *Nelson v. Becker, supra.*

Both the *Becker* case and the *Ruby* case quoted with approval identical language from *Hanson v. Towle, Adm'r.,* 19 Kan. 273, 281 (1877): "A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an 'acknowledgment' as is contemplated by the statute. This must be an unqualified and direct admission of a present-subsisting debt on which the party is liable . . . ."

In *Degmetich v. Beranek,* 188 Neb. 659, 199 N.W.2d 8 (1972), in a case determining that an executor does not bind himself as an individual when he acknowledges a past due debt, as an executor only, we quoted with approval from *France v. Ruby, supra,*

including the language cited above from *Hanson v. Towle, Adm'r., supra.*

We determine that the trial court erred in determining that Sorensen's letter of February 1, 1974, tolled the statute of limitations. We hold that that letter did not toll the statute and that § 25-205, properly pleaded as a defense to the Kotases' action, was a total defense to that action. Judgment should have been entered for defendant Sorensen.

In view of this disposition of the case, the other assignments of error on the usury issue need not be determined.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.