HEJCO, INC., A NEBRASKA CORPORATION, APPELLANT, V. BOB ARNOLD, APPELLEE.

487 N.W.2d 573

Filed April 7, 1992.   No. A-90-111.

Michael C. Klein, of Anderson, Klein, Peterson and Swan, for appellant.

Greg C. Harris for appellee.

SIEVERS, Chief Judge, and MILLER-LERMAN and WRIGHT, Judges.

MILLER-LERMAN, Judge.

Hejco, Inc., filed an action in county court to collect on a loan. Bob Arnold moved for summary judgment on the basis that Hejco's claim was barred by the statute of limitations. Arnold's motion was granted, and the case was dismissed. The county court's grant of summary judgment was affirmed by the district court for Buffalo County. For the reasons recited below, the judgment of the district court is affirmed.

In considering the appeal of a summary judgment, this court reviews the evidence in a light most favorable to the party against whom the judgment is granted and gives to such party the benefit of all reasonable inferences deducible from the evidence. *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991).

Hejco loaned Arnold $5,000 on April 4, 1979. Although the loan agreement was made orally, the fact that a loan was made was not disputed.

On March 22, 1986, Arnold appraised some real estate for H. Eugene Johnson, president of Hejco. Johnson received a bill from Arnold on approximately March 26, 1986, in the amount of $200 for this appraisal. On April 10, 1986, Hejco prepared a statement and allegedly mailed it to Arnold. The statement detailed the interest which had accumulated on the loan since 1979 and credited the loan in the amount of the $200 appraisal. By affidavit, Arnold denied receipt of this statement. At deposition, Johnson was unable to testify affirmatively that he and Arnold had discussed the loan at the time Arnold did the appraisal. Based on the record, Hejco unilaterally credited Arnold's debt without Arnold's consent. Hejco filed suit against Arnold to collect the loan balance on February 9, 1988.

An action based on an oral contract must be brought within 4 years. Neb. Rev. Stat. § 25-206 (Reissue 1989). Here, recovery of the 1979 loan was time barred in 1983 in the absence of tolling by a revival. A partial payment on a debt may toll the statute of limitations if the payment was "voluntarily paid." Neb. Rev. Stat. § 25-216 (Reissue 1989).

The rule that partial payment tolls the statute of limitations or revives the loan is "based on the theory that part payment 'amounts to voluntary acknowledgment of the existence of the debt, from which *the law implies a new promise to pay the balance.*'" (Emphasis supplied.) *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 327, 278 N.W.2d 596, 602 (1979) (quoting 51 Am. Jur. 2d *Limitation of Actions* § 366 (1970)). However, partial payment does not automatically equal voluntary acknowledgment. To ratify a debt barred by the statute of limitations, the debtor's acts must be distinct, unqualified, and amount to an unconditional recognition of the obligation. As the court in *McShane* stated:

> "The mere entry of a credit on a debt by a creditor without the consent of his debtor is generally conceded to be without effect upon the statute of limitations; also, it seems that the mere fact that the debtor knows of an unauthorized entry of credit and makes no objection thereto is not alone sufficient to constitute a ratification of the credit so as to toll the statute of limitations."

*McShane*, 203 Neb. at 328, 278 N.W.2d at 602. See, also, *Kotas v. Sorensen*, 216 Neb. 648, 345 N.W.2d 1 (1984).

Since Arnold cannot be held to have unconditionally and voluntarily acknowledged the debt, the statute of limitations has not been tolled.

The loan was made in 1979. Hejco's claim was filed in 1988. Based on the 4-year rule, Hejco's cause of action to collect on the oral contract expired in 1983. The order of the district court affirming the grant of summary judgment dismissing the case as time barred is affirmed.

Hejco assigns as error the district court's remand of the cause to the county court for a determination of assessment of costs. This argument was not briefed. To be considered by the Nebraska Court of Appeals, an error must be assigned and discussed in the brief of the party claiming that a prejudicial error has occurred. See *In re Interest of B.M.*, 239 Neb. 292, 475 N.W.2d 909 (1991). This court will not address an issue that is not briefed.

The order of the district court is affirmed.

AFFIRMED.