S. H. SORNBERGER, PLAINTIFF IN ERROR, V. WILLIAM E. LEE ET AL., DEFENDANTS IN ERROR.

1. **Statute of Limitations:** PART PAYMENT. In this state, part payment of a promissory note will remove the bar of the statute of limitations.

2. ———: OF PAYMENT. The receipt and indorsement on a promissory note by the holder of money realized from a collateral left with him by the maker for that purpose, will remove the bar of the statute.

ERROR to the district court for Saunders county. Tried below before POST, J.

*S. H. Sornberger, pro se.*

*George I. Wright,* for defendants in error.

LAKE, CH. J.

Was the note in question barred by the statute of limitations when the action was brought upon it? This is the only question presented by the record. It fell due October 1st, 1876, and the action was commenced January 28th, 1882; so that the five years limitation had fully run, and the bar of the statute was complete, unless the indorsement of payment under date of January 30th, 1877, shall be held to prevent it.

It is contended on the part of the plaintiff in error that mere payment of a part of a debt is not sufficient to stop the running of the statute; and cases are cited sustaining that view, the principal one of which is *Parsons v. Carey,* 28 Ia., 431. An examination of these cases will show that they rest upon statutes widely different from our own, and are not therefore applicable here. Under the Iowa statute, for instance, the admission of an existing liability was in all cases required to be in writing in order to interrupt *its* running. Our statute, on the contrary, gives to part payment alone this effect, and the decisions of this court heretofore have recognized this rule. *Kyger v. Ryley,* 2 Neb., 20. *Mayberry v. Willoughby,* 5 Id., 368. In this respect our statute is in harmony with the common law. Chitty on Contracts, 729.

The indorsement in this case was of a sum of money which the defendants in error had collected upon another note delivered to them by the plaintiff in error as collateral security to the note sued on. The fact of indorsement is set out in the petition in these words: "That on the 30th day of January, 1877, plaintiffs collected $61.55 on a note which defendant had left with them as collateral security to the note above described, and on the same day made the indorsement as above set forth."

By demurring to the petition it is of course conceded that the indorsement was of money actually received as stated, and properly made. The money derived from the collateral was therefore properly applied as the parties had stipulated that it should be, and was a payment by the debtor just as truly as if he himself had, at the time of the indorsement, handed the money over to his creditor with the express direction to him to make the indorsement. The creditor did just what it was his duty to do when he accepted the security. *Wheeler v. Newbould*, 16 N. Y., 392. *Joliet Iron Co. v. Sciota F. B. Co.*, 82 Ills., 548. *Whipple v. Blackington*, 97 Mass., 476. *Haven v. Hathaway*, 20 Me., 345. The district court ruled correctly, and its judgment is affirmed.

JUDGMENT AFFIRMED.