## McKENNON, Ex'x, v. McKENNON.

No. 14365—Opinion Filed Nov. 25, 1924.

1. **Limitation of Actions—Tolling Statute —Payment of Another Debt Evidenced by Joint Note.**

Where A. and B. secure a loan from C. of a certain sum, and likewise a loan from D., and A. and B. execute their joint note to C. and D. in evidence of the two separate amounts received from both C. and D., and thereafter make settlement with or payment to C. for his interest in the note, which is credited with same, held, that payment to C. is not such a payment as will toll the statute of limitation as to D.

2. **Same—Note Made by Executrix and Decedent—Effect of Allowance of Demand Against Estate.**

An allowance, by the executrix, of a demand against the estate, based on a promissory note, executed by the executrix and the decedent, tolls the statute of limitation as to the estate, but is not such an acknowledgment of the indebtedness as will toll. the statute against the executrix in her individual capacity.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by Louie McKennon, executrix of the estate of J. D. McKennon, deceased, against Ella McKennon. Judgment for defendant, and plaintiff appeals. Affirmed.

O. R. Fegan, for plaintiff in error.

C. G. Hornor, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Logan county, Okla., on the 21st day of November, 1921, by plaintiff in error, as plaintiff in the trial court, against the defendants in error. For cause of action, the plaintiff alleged that on the 1st day of March, 1913, T. F. McKennon and Ella McKennon, defendants in error, executed and delivered their certain promissory note to A. M. McKennon and the plaintiff, J. D. McKennon, for the sum of $4,700 due the 1st day of March, 1915, one-half of the consideration for the note, or $2,350, was advanced by the plaintiff and a like amount was advanced by A. M. McKennon; that the said T. F. McKennon died on the 5th day of July, 1919, and his widow, Ella McKennon, the appellee herein, was thereafter appointed administratrix of the estate and that said administration was closed, and said administratrix and her bondsman were discharged on. the 21st day of January, 1921. That, during the administration, the note herein sued on was duly presented as, a claim against the estate and approved and allowed. by the administratrix and the probate judge, but was never paid, for the reason that there were no assets of the estate available.

The plaintiff further alleges that on the 1st day of March, 1919, the said T. F. McKennon, now deceased, and the defendant herein, Ella McKennon, made a settlement with. the said A. M. McKennon for his one-half interest in said note, and that at the time of the granting of the loan and execution of the note sued on, the said Ella McKennon and T. F. McKennon promised and agreed to execute a mortgage on their homestead to secure the payment of the note sued on, and further alleges that a certain mortgage securing a note of $2 000 against the homestead of the said T. F. McKennon and Ella McKennon, same being paid off at the time the loan was secured, was delivered to A. M. McKennon as collateral security, to secure the payment of the note in question, that at the time of the alleged settlement with A. M. McKennon, said mortgage was returned by A. M. McKennon to Ella McKennon and the said T. F. McKennon and the plaintiff, J. D. McKennon, alleges that this was in fraud of the rights of this plaintiff; wherefore the plaintiff prays judgment for the balance due on said note, and asks that the homestead of the said Ella McKennon be impressed with a lien to secure the payment of same, and that he be subrogated to the rights of the original mortgagee under the mortgage delivered to A. M. McKennon. The plaintiff, J. D. McKennon, having died, this action is now prosecuted in the name of Louie McKennon, executrix.

The defendant filed a demurrer to the petition of plaintiff and among other specific

grounds set forth in the demurrer alleges:

"That the plaintiff's alleged cause of action is barred by the statute of limitations."

And on the presentation of said demurrer the court sustained same upon the ground that the petition showed upon its face that the statute of limitation had run, and the plaintiff elected to stand upon his petition, whereupon the court dismissed plaintiff's action, to which action of the court, in sustaining the demurrer and dismissing plaintiff's cause, the plaintiff duly excepts, and prosecutes this appeal, assigning various specifications of error.

In view of the fact that we are inclined to the opinion that the judgment of the court in sustaining the demurrer was correct, and that the statute of limitation had run, we shall confine our discussion to that point. It is obvious from the record that this suit was instituted more than five years from the due date of the note, and the contention made by the appellant in order to take the case out of the statute is, that there was a payment made, and that the note, as a claim against the estate, was presented to the administratrix, Ella McKennon, who was one of the joint makers of said note, who approved said claim based upon said note as a proper claim against the estate of T. F. McKennon, deceased.

Appellant calls our attention to section 185, Comp. Stat. 1921, which provides that an action upon any contract or agreement or promise in writing may be brought within five years, and section 191, Id., provides:

"In any case founded on contract when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

Appellant contends that under this provision of our Code, the transactions alleged to have been had in connection with the note sued on are sufficient to toll the statutes, but from an examination of the authority, we find that the weight of authorities seem to be to the contrary. An acknowledgment of indebtedness under the statute must be clear, precise, and explicit; it must be unequivocal; it must not contain anything, or be made under circumstances inconsistent with the idea of payment, or that repels the inference of a willingness to pay, and finally it must not be made upon

condition, otherwise the acknowledgment is limited by the condition. 17 R. C. L. 898, art. 256, provides:

"* * * Where an express promise is relied on it must be proved in a clear and explicit manner, and be unequivocal and determinate, and if conditions are annexed it must be shown that they have been performed. If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party is liable for and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay —if the expression be equivocal, vague, or indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways—they ought not to go to a jury as evidence to revive the cause of action. Otherwise, slight circumstances and a man's loose expressions, would be construed into a full acknowledgment of the debt, when he himself neither intended to make nor understood himself as making any acknowledgment at all."

Many other authorities are cited on this point, but we shall call attention only to those which appear to us to be directly in point. In Smith v. Irwin, 37 Mo., page 169, the Supreme Court, dealing with a similar case, said:

"An allowance by a probate court of a demand against the estate of one of the makers of a promissory note which had become barred by the statute of limitation, and payment made upon such allowance by the administrator of the deceased maker will not deprive the other joint makers of such note of their defense of the bar of the statutes."

The authorities are universal in upholding the doctrine that any agreement or declaration for the purpose of renewing an obligation or tolling the statutes of limitation must be clear and explicit, and made by the party whom you seek to bind, which is wholly lacking in this case, unless the approval of the claim based on the note sued upon by the administratrix, Ella McKennon, who was one of the joint makers of the note, constitutes such an agreement, and while there seems to be some division or conflict of authorities on this point, the great weight seems to be in favor of the doctrine that the acts of the administrator or administratrix, when acting as such, are binding only upon the estate of the deceased, and their official acts in no wise bind them individually. The acts of an administrator are governed by the law, and

they are acting as officers of the court in the administration of the estate of decedants, and to bind them individually for their official acts, which they perform under the law, and under the direction of the court, would be contrary to public policy.

This case presents a peculiar situation in that the administratrix of the estate was one and the same person as the joint maker of the note sued on, but we find no authority and none is cited that will authorize any different application of the general rule.

The second proposition urged by appellant is that the alleged settlement made constitutes payment such as is contemplated by the statutes, and therefore tolled the statutes, this presents a more difficult question, in view of the fact that the pleading is being attacked by a demurrer, and while counsel for appellant urges with some merit that a settlement is not a payment, and cites authorities drawing a distinction between the two terms, we doubt if the contention is well founded in this case, because of the fact that in this jurisdiction a demurrer is only good where the petition wholly fails to state a cause of action, when viewed in the most favorable light possible, to allege settlement is not an allegation of payment, it nevertheless, might constitute payment, and is a question that should be determined by proof; however, in this case our attention is called to another phase of the matter, which we think decides the rights of the parties in this case, and upholds the judgment of the court in sustaining the demurrer. 19 Am. & Eng. Enc. of Law, 308, announces the following rule:

"In an early case the rule was laid down by Lord Mansfield that a part payment acknowledged, or new promise by one of several joint debtors, would start the statute afresh as to all. And this rule has the support of some of the American courts * * *. The better doctrine is against the rule announced by Lord Mansfield, the rule recognized by the great weight of authorities in the United States is that such acknowledgment, new promise, or part payment binds only the party actually making it and does not start the statutes afresh as to its coobligors."

And in the case of Steele v. Suder, 20 Kan. 39, the Supreme Court of Kansas announces the following rule:

"Partial payment made by one debtor on a note will not suspend the running of the statute of limitation in favor of the other debtors thereof, although the party paying be the principal debtor and the others only sureties."

In this case we are dealing with the converse of the facts as they exist in the case above cited, there it was a question of the effect of a partial payment by one of the debtors and the courts held that such payment does not toll the statutes, as to other debtors. In this case the payment was made to A. M. McKennon, one of the owners and holders of the note by the makers of the note, and the question we must determine is, will the payment, or rather the settlement, as alleged, with A. M. McKennon for his interest in the note toll the statutes as to J. D. McKennon, and in dealing with this situation we should keep in mind the fact that each of the brothers, A. M. McKennon and J. D. McKennon, advanced one-half of the consideration of this note. It was not a joint fund, or the partnership, but the consideration evidenced by the note for $4,700 represented the sum of $2,350 advanced by A. M. McKennon out of his individual funds, and likewise $2,350 advanced by J. D. McKennon out of his individual funds.

There seems to be a dearth of authorities on this particular phase of the case, and the appellant makes the contention, which we are not prepared to successfully refute, that the same principle of law should govern this state of facts as it would in cases such as we have heretofore cited, where a payment is made by one of the joint debtors, rather than to one of the joint creditors or holders of the note, as in the case here.

In 7 Am. Dec. at page 679, we find the case of Barney v. Smith, wherein the court was dealing with a question somewhat similar. In that case the plaintiff, S. Smith, sought to recover a certain sum of money originally due the firm from the defendant, Barney. The question involved in the case was whether certain acknowledgments made to the plaintiff, S. Smith, the surviving partner, within three years prior to the commencement of the action, were sufficient to toll the statute and entitle the plaintiff to recover, the promise being alleged in the declaration to have been made to S. and J. Smith, and in disposing of the case the court said:

"The case of a surviving partner is distinguishable from that of an executor. An express promise made to an executor creates an assumpsit to him, and is founded on the antecedent consideration of the debt due to the testator, and a count in the declaration must be framed on it, and the proof must correspond with and be adapted to it. The money when received will be assets in the hands of the executor, and he will be accountable for it. A surviving

partner has a right to all the effects belonging to the partnership. The right and remedy are united in him. the original promise made to him, and his deceased copartner still exists, and the right of action with the remedy survived to him. The acknowledgment to the surviving partner saves and preserves the remedy in the survivor, and avoids the bar by the act of limitations. It does not create a new assumpsit, but is a saving of the remedy on the original promise. The surviving partner is accountable to the creditors of the firm, and to the representatives of the deceased partner."

But in this case the relation of partnership does not exist, A. M. McKennon with whom settlement was made. has no interest in the balance due on the note sued on, and a payment or acknowledgment to A. M. McKennon of his interest in the note was not a payment or acknowledgment to the plaintiff, J. D. McKennon.

Where the rights of a partnership or firm are involved. the rights of the partnership survive, and the surviving partner can enforce them and is responsible to the creditors of the firm, but in the case at bar the party to whom the payment was made, A. M. McKennon, has no interest in the results of this suit, and is not accountable for the liabilities of the plaintiff. The finding of the court in the case of Barney v. Smith, supra, is based on good reason, but in this case no reason has been advanced and we conceive of none that would justify the court in finding that the alleged settlement, assuming that it constitutes a payment, with A. M. McKennon, would toll the statute as to J. D. McKennon. The payment to A. M. McKennon was an acknowledgment of the indebtedness due him, but was not an acknowledgment of the indebtedness due J. D. McKennon. If separate notes had been taken by J. D. and A. M. McKennon for the amounts advanced by each, then no contention would have been made, by reason of a payment on one of the notes, that it would toll the statutes. As to the other we think the same rule of law applies to the note involved with equal force.

We are therefore of the opinion that the judgment of the court below be affirmed.

By the Court: It is so ordered.