JOSEPH L. PARKIN, APPELLANT, V. JOHN W. PARKIN
ET AL., APPELLEES.

FILED OCTOBER 21, 1932. No. 28261.

*Sullivan & Wilson,* for appellant.

*E. M. White, A. F. Black* and *Schaper & Runyan, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action to enforce specific performance of an oral contract to convey certain described real estate, and to determine plaintiff's interest in other realty. To the plaintiff's amended petition, defendant demurred on several grounds; among them, that the facts pleaded disclosed that the action was barred by the statute of limitations. The demurrer was sustained. Plaintiff refused to further plead. The action was dismissed. Plaintiff has appealed. In his brief plaintiff complains of the ruling only in so far as it relates to the cause of action for specific performance.

From the allegations of the petition it appears that the oral contract was entered into in 1900, when plaintiff was 21 years of age. By the terms of the alleged agreement, plaintiff was to work on the farm of his stepfather, John Cail, for a period of five years, and at the end of the five-year period was to receive as his compensation a deed to the particular land. In January, 1905, the five-year period expired. Plaintiff then requested Cail to execute a deed, conveying title to the land. Cail did not comply with the request, but made an excuse for delay until plaintiff should be married. A few years later and after

plaintiff's marriage, he again requested Cail to execute a deed, but again Cail made excuse and did not comply. Several other requests were made at various times for conveyance of the land, but they were not complied with. In 1930 Cail died, leaving a will which was admitted to probate. In the will he devised the land to others. This action was begun in February, 1931. Plaintiff's cause of action accrued in January, 1905. More than 26 years had elapsed after plaintiff's cause of action accrued before he instituted this action. No fact is pleaded which would toll the running of the statute. There was no written acknowledgment of the oral contract or promise to convey the land.

Pursuant to the provisions of section 20-202, Comp. St. 1929, an action for the recovery of title to or possession of lands can only be brought within ten years after the cause of action shall have accrued. The petition on its face discloses that the cause of action had accrued more than 26 years before this action was begun.

It is a well-established rule that a petition is vulnerable to demurrer if the facts pleaded show that the cause of action is barred by the statute of limitations, unless facts are pleaded which would arrest the running of the statute. This rule is recognized in *Pohle v. Nelson,* 108 Neb. 220, wherein it was held: "Where it appears from the statement of facts in the petition that the cause of action is on its face barred by the statute of limitations, and there are no allegations tolling the statute, a demurrer can be properly interposed to such cause of action." See, also, *Hawley v. Von Lanken,* 75 Neb. 597; *Reed v. Barnes,* 113 Neb. 414.

The ruling of the trial court on the demurrer was in accordance with the established rule. Plaintiff having refused to further plead, the action was properly dismissed. The conclusion reached on this point renders it unnecessary to consider other questions presented in the briefs.

JUDGMENT AFFIRMED.