MARY DEGMETICH, APPELLANT, v. AMIEL LOU BERANEK, APPELLEE.
199 N. W. 2d 8

Filed June 23, 1972. No. 38152.

J. Patrick Green and Jon S. Okun of Eisenstatt, Higgins, Kinnamon & Green, for appellant.

John F. Kerrigan of Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The issue in this case is whether the statute of limitations has run on three demand promissory notes totaling $9,000. The notes involved were executed in favor of the plaintiff by the defendant and his deceased wife, who was the plaintiff's daughter. The notes were for $1,000, $2,000, and $6,000, and were executed February 20, 1963, November 9, 1963, and March 27, 1964, respectively. This suit was filed August 10, 1970. On promissory notes payable on demand, the period of limitations runs from the date of their making. § 3-122, U. C. C. The applicable statute of limitations is section 25-205, R. R. S. 1943, which provides for a 5-year period of limitations. Since the notes appear on their face to be barred by the statute, the plaintiff's petition is sub-

ject to demurrer unless it alleges facts sufficient to suspend or take it outside the statute. Parkin v. Parkin, 123 Neb. 836, 244 N. W. 638. Generally, to sustain this burden, the plaintiff alleged that the defendant executed a written acknowledgment of the debt subsequent to the making of the notes, and further, generally, that he was estopped by his conduct from invoking the statute. The district court sustained the defendant's demurrer and dismissed the case. We affirm the judgment of the district court.

We turn first to the contention that the defendant made a written acknowledgment of the debt on February 27, 1968, and therefore the statute ran from that time. § 25-216, R. R. S. 1943. The record shows that the defendant's wife was killed in an automobile accident on April 12, 1966, and that the defendant on February 27, 1968, acting as administrator of his wife's estate filed an objection to the claim. In his objection as administrator of the estate he alleged that a payment of $400 had been made in the year 1964 and that the proper amount of the claim should therefore be $8,600. The prayer of his objection stated as follows: "WHEREFORE, your administrator respectfully prays that this claim be allowed in the amount of $8,600.00 * * *." This contention must fall because there is no admission of personal liability on the defendant's part, and the admission, if any, was solely limited to his capacity while acting as administrator of his wife's estate. The admission of an executor or administrator is not receivable against him as a party in his personal capacity. 4 Wigmore on Evidence (3d Ed.), § 1076, p. 114. The following from 54 C. J. S., Limitations of Actions, § 318, p. 412, is pertinent: "An allowance by an executrix of a demand against the estate based on a promissory note executed by the executrix and the decedent tolls the statute as to the estate but not as against the executrix in her individual capacity." This principle has been applied in the exact situation present in this case. In

McKennon v. McKennon, 104 Okla. 228, 231 P. 91, 40 A. L. R. 24, the administratrix of an estate, also personally liable on a note, approved the note as a claim against the estate in the capacity of administratrix. When the administratrix was sued individually on the note, she invoked the statute of limitations as a defense and the court held that the approval of the claim in her capacity as administratrix did not bind the widow in any individual capacity and thus was not an acknowledgment of the debt. It seems clear, as a matter of original analysis, that an acknowledgment made while acting in an official capacity, is not an unequivocal acknowledgment of a debt owed by the party himself in his individual capacity. In France v. Ruby, 93 Neb. 214, 140 N. W. 175, this court set out the criteria for a written acknowledgment under this statute: " 'To remove the bar of the statute, the debtor must unqualifiedly acknowledge an existing liability.' * * * 'A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an "acknowledgment" as is contemplated by the statute. This must be an unqualified and direct admission of a present, subsisting debt on which the party is liable.' " The actions of the defendant were purely in an official capacity as administrator, and there was nothing in his acknowledgment which would constitute an admission of liability in a personal sense. There is no merit to this contention.

In order to avoid the bar of the statute the plaintiff further contends that promises were made to the plaintiff during the existence of a confidential relationship between the plaintiff and the defendant, who was her son-in-law. The inadequacy of this pleading is apparent. From an examination of the pleadings it is apparent that the plaintiff has merely alleged the existence of a confidential relationship by virtue of the fact that

the defendant is her son-in-law. The mere existence of this in-law relationship does not raise any inference of a fiduciary relationship or position of trust and confidence. To adequately raise such an issue as an issue of fact, some underlying and supporting facts must be alleged. The pleadings in this case entirely fail to do this. The mere allegation of the existence of a confidential or fiduciary relationship is a legal conclusion only and insufficient to raise any issue of fact. 71 C. J. S., Pleading, § 27, p. 72; Schroeder v. Ely, 161 Neb. 252, 73 N. W. 2d 165; Meyer v. Linch, 145 Neb. 1, 15 N. W. 2d 317.

The plaintiff's case thus resolves itself into the assertion that the defendant's oral promises to pay are themselves sufficient to raise the estoppel. In support of this contention State Farm Mut. Auto. Ins. Co. v. Budd, 185 Neb. 343, 175 N. W. 2d 621, is relied upon. This reliance is misplaced. The Budd case involved a subrogation claim against the defendant's insurance company arising from an automobile accident. The plaintiff's insured, Garafalo, had been involved in a traffic accident with the defendant, who was insured by the Aetna Casualty & Surety Company. The plaintiff paid Garafalo for the damages to his automobile and was subrogated to his claim against the defendant. Upon notification of the claim, Aetna notified the plaintiff that it would not be in a position to honor the subrogation claim until the personal injury claim arising from the same accident was settled, and asked the plaintiff to wait until that time. Aetna maintained that position for over 3 years, until the statute of limitations had run and the claim was rejected. This court held that the defendant was estopped by the representations of his insurance company from asserting the statute of limitations. It appears that in the controversy between insurance companies, the plaintiff relied less on Aetna's promises to pay than upon its representations that, for internal administrative reasons, it would possibly prej-

udice settlement and be more convenient to dispose of the matter all at once, rather than in the piecemeal fashion proposed by the plaintiff. This was the situation with which the plaintiff was doubtlessly familiar and sympathetic. We do not believe the holding in this rather unusual case is properly applicable to an ordinary creditor-debtor relationship. In such a relationship the delinquent debtor will almost always make numerous assurances of payment. If such assurances alone were sufficient to estop the creditor, the purpose of the statute of limitations would be effectively circumvented. We hold that a naked oral promise to pay a debt will not, in the absence of fraud or a specific agreement not to take advantage of the statute of limitations, estop a defendant or debtor to plead the statute of limitations. See, Annotation, 24 A. L. R. 2d 1427; Annotation, 130 A. L. R. 32.

The decision of the district court is correct and is affirmed.

AFFIRMED.