**Jerome K. WADE et al., Appellants,**

v.

**Albert J. DARRING et al., Appellees.**

**No. 1010.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 12, 1974.

Larry G. Myers, Byrnes, Myers, Adair, Campbell & Sinex, Houston, for appellants.

Edward L. Bailey, Houston, for appellees.

TUNKS, Chief Justice.

This is a suit on a $50,000.00 promissory note. The payee of the note, which was dated April 3, 1969, was First Citizens Bank & Trust Company of Shelby, North Carolina, and the note was made payable in North Carolina. Designated as makers on the note were the appellants, Jerome K. Wade and his wife Edna Sample Wade. The appellees, A. J. Darring and Billy E. McAninch, were denominated as endorsers on the note. After default on the note by the Wades, the appellees paid the payee-bank the principal amount of $50,000 and $437.50 in interest on March 13, 1970. The note was assigned to the appellees, who then filed suit on it against the Wades. After a jury trial, judgment was entered in favor of the appellees against the Wades, jointly and severally, for the principal amount and interest.

Because the note in question was made payable in North Carolina, the laws of that state govern the substantive liability of the parties, under Texas choice of law principles. Braniff Inv. Co. v. Norton, 80 F.2d 598 (5th Cir. 1935), cert. denied, 298 U.S. 663, 56 S.Ct. 747, 80 L.Ed. 1387 (1936).

The main defense of Mrs. Wade was the alleged existence of an agreement with the appellees, who were accommodation endorsers, that if they should have to bring an action against the Wades on the note, then the separate estate of Mrs. Wade would not be liable. No such agreement was ever reduced to writing. Mr. Wade testified that before execution of the note,

Mr. McAninch, who was an attorney, advised him that Mrs. Wade's separate property would not be liable. It is uncontested that Mr. McAninch and the Wades were not in an attorney-client relationship at that time. Although not a licensed attorney, Mr. Wade has a law degree from the University of Texas and a masters degree in business from Harvard University. Mr. McAninch testified that he never made such a statement to Mr. Wade.

■ This defense raises unusual questions concerning whether a co-maker of a note, whose community estate receives the value of the note, may orally agree with an accommodation endorser that her separate estate will not be liable. However, because of the manner in which this case is before this Court, these questions need not be decided. The sole issue submitted to the jury inquired whether "there was an expressed agreement . . . that Edna Sample Wade was not to be held personally liable to Billy E. McAninch and Albert J. Darring on the note dated April 3, 1969." No objection was made to the submission of this issue, and the jury answered in the negative. In this appeal, Mrs. Wade contends that the trial court erred in refusing to submit a requested issue inquiring whether there was an implied agreement that Mrs. Wade would not be personally liable. Whether an agreement is express or implied is evidentiary. The controlling question is whether there was an agreement. The trial court was correct in refusing to submit the issue as requested. Texas Rules of Civil Procedure 279.

■ The appellants also contend that the note is usurious. N.Car.Gen.Stats. § 24–1 (1965) provided, at the time of the making of the note in question, that the maximum legal rate of interest on this obligation was six percent per annum. Under Section 24–2 the penalty for wilfully charging usurious interest is a forfeiture of all interest on the note or a liability for twice the amount of interest, if the interest has already been paid by the debtor. The note provides on its face for "interest . . . calculated at the rate of Seven and one-half per cent (7½%) per annum."

■ The appellees argue, though, that actually only six percent interest was charged and that all other charges paid were legal. N.Car.Gen.Stats. § 53–141 (1965) provides that "Industrial banks" may charge certain fees to cover expenses. The appellees offered evidence that these fees made up the one and one-half percent difference. Unfortunately, we are called upon to decide an issue which, as far as can be determined, has never been dealt with in North Carolina. We hold, however, that the express provision of the note that interest is to be at the rate of seven and one-half percent per annum renders it usurious. Even if there were North Carolina authority for the proposition that parol evidence is admissible to prove that what is denominated as interest is actually statutorily authorized charges, there is legally insufficient evidence of such in the present case. The note in question is a demand note, which theoretically could have been renewed for a period exceeding one year. It would be impossible to allocate, at the time of execution, other legal charges to that portion of the payments provided for and called interest, because the interest is calculated per annum. In such a case the note should expressly designate what charges are to be made in addition to the interest. Furthermore, wilful intent to violate the usury law may be presumed when an unlawful rate of interest is shown on the face of the instrument. *See* Chas. S. Riley & Co. v. W. T. Sears & Co., 154 N. C. 509, 70 S.E. 997 (1911).

The judgment of the trial court is affirmed in part and reversed and rendered in part. That portion of the judgment awarding recovery by the appellees against appellants, jointly and severally, for the principal sum of $50,000.00, attorney's fees, costs, and six percent post-judgment interest is affirmed. That portion of the judgment awarding the appellees interest on the

note from the date of making "until paid" is reversed, and judgment is rendered that appellees recover no contractual interest on the note.