**Gretchen S. Pullen VELDE, Appellant,**

**v.**

**Jeanelle SWANSON, Independent Executrix of the Estate of Jay F. Swanson, Deceased, Appellee.**

**No. 01–83–0566–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 6, 1984.

Rehearing Denied Nov. 1, 1984.

Jacalyn D. Scott, Eugene B. Wilshire, Jr., Bonham, Carrington & Fox, Houston, for appellant.

Jeffery B. Kaiser, Halla & Gardner, Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a summary judgment entered in favor of the defendant in a suit on five promissory notes. The basis of the trial court's judgment was that the plaintiff's claim was barred by limitations. We affirm.

The summary judgment proof shows that in 1970, Jay F. Swanson and another co-maker executed a series of five promissory notes made payable to the plaintiff. These notes were dated and in the amounts indicated below:

| | |
|---|---|
| April 27, 1970 | $400,000 |
| May 12, 1970 | $150,000 |
| May 31, 1970 | $200,000 |
| May 31, 1970 | $200,000 |
| July 10, 1970 | $170,000 |

Subsequent to the execution of the notes, Swanson made payments to the plaintiff in reduction of the debts evidenced by the notes. In her response to defendant's motion for summary judgment, the plaintiff (appellant) lists payments made to her from November 6, 1970, through August 19, 1975, and also three additional payments on the notes on August 27, 1976, December 27, 1977, and January 31, 1978. One of the issues to be resolved here is whether the last three payments were sufficiently identified as being referable to the notes in question.

All five of the notes were payable on demand to the plaintiff in Omaha, Nebraska. All were executed in Nebraska and at the time of their execution, the deceased resided in Nebraska. Swanson died on October 16, 1975, and on July 30, 1980, the plaintiff filed suit to recover the balance on the notes in the District Court of Harris County, Texas. Slightly more than two years later, the trial court abated the plaintiff's cause of action and struck her pleadings in the District Court, concluding that the Probate Court, and not the District Court, had jurisdiction over the cause of action. The plaintiff appealed that order to the 14th Court of Appeals, which affirmed the trial court's order on December 29, 1983. *Pullen v. Swanson*, 667 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1984, no writ). After the District Court struck her pleadings, the plaintiff re-filed her action in the Probate Court on December 2, 1982.

On March 11, 1983, the defendant filed a motion for summary judgment, alleging that the plaintiff's action was barred, as a matter of law, by the statute of limitations and also by the affirmative defenses of latches, estoppel, waiver, res judicata, and the failure to institute ancillary probate proceedings in Nebraska. The trial court granted the motion for summary judgment, concluding that the action was barred by the statute of limitations.

In a single point of error, the plaintiff contends that the trial court erred in granting summary judgment because the partial payments on the indebtedness created genuine fact issues as to the defendant's acknowledgement of the indebtedness. The plaintiff also contends that the trial court's judgment cannot be supported by the summary judgment proof on the other affirmative defenses asserted by the defendant. Both parties agree that the laws of Texas govern as to which statute of limitations should be applied. *See*, in this respect, *Los Angeles Airways, Inc. v. Lummis*, 603 S.W.2d 246 (Tex.Civ.App. Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982).

When the plaintiff's case in the District Court was dismissed for want of jurisdiction, she refiled her suit in Probate Court within the 60-day time period specified in

Tex.Rev.Civ.Stat.Ann. art. 5539a. Thus, we conclude that July 30, 1980, when plaintiff filed the original suit in the district court, was the date which must be considered in deciding whether the limitation period expired. Art. 5539a, *supra.*

As stated above, all of the notes in question are demand notes, the last in the series being dated July 10, 1970. Therefore, absent some basis for extending the period of limitations, the appellant's cause of action would have been barred by limitations on July 10, 1974, some six years before she filed her suit.

The question, then, is whether the payments made by the defendant, as independent executrix of the decedent's estate, and written communications between the parties, constituted sufficient written acknowledgments to extend the period of limitation. Before deciding this question, we must first determine whether the laws of the State of Nebraska or of the State of Texas should be invoked in deciding the sufficiency of such written instruments.

Both parties rely upon the recent Texas Supreme Court decision on conflicts of law in *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984). The plaintiff contends that *Duncan* supports her position that Nebraska law should be applied, while the defendant contends that *Duncan* is authority for the application of laws of Texas. In a recent case, this court was presented with a similar argument, and discussed the rationale of the Supreme Court in *Duncan v. Cessna Aircraft Co., supra,* as applied to negotiable instruments. In its opinion, this court stated:

> We recognize that *Duncan* now sets forth the controlling law for resolution of the conflict issue in contract cases. However, we do not believe the Texas Supreme Court intended to extend this principle to negotiable instruments. In the case at bar, the promissory note expressly provided for payment in Kansas, and the laws of that State therefore govern the substantive rights and liabilities of the parties. *Andrews v. Hoxie,* 5 Tex. 171 (1849); *Wade v. Darring,* 511 S.W.2d

320 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); Restatement of Conflict of Laws 2d, sec. 214, comment (b).

*Cessna Finance Corp. v. Morrison,* 667 S.W.2d 580, 585 (TEx.App.—Houston [1st Dist.] 1984, no writ).

█ In the instant case, the notes expressly provided for payment in Nebraska, they were executed in Nebraska, and made payable to the plaintiff at her residence in Nebraska. Therefore, we hold that the laws of Nebraska should govern the substantive rights and liabilities of the parties. *Cessna Finance Corp. v. Morrison, supra.* Although we respect the plaintiff's argument to the contrary, we are of the opinion that the case she relies upon, *Butler v. Merchants National Bank of Mobile,* 325 S.W.2d 229 (Tex.Civ.App.—San Antonio 1959, no writ), actually supports the proposition advanced by defendant. Thus, we conclude that under the conflicts of law rule in this state, our courts must look to the foreign state's law to determine what effect a partial payment of a debt incurred and payable in such foreign state will have on the *Texas* four-year statute of limitation. *See, Citibank National Ass'n. v. London,* 526 F.Supp. 793 (S.D.Tex.1981), and *Hobbs v. Hajecate,* 374 S.W.2d 351 (Tex.Civ.App.—Austin 1964, writ ref'd), both discussing the decision in *Butler, supra.*

Section 25–216, Revised Civil Statutes of Nebraska, provides in pertinent part:

> Part Payment, Acknowledgment of Debt; Effect Upon Accrual.
>
> In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment acknowledgment or promise; ...

The plaintiff relies upon two Nebraska cases which have interpreted this statute to mean that a partial payment of a debt commences its statute of limitations again

in full from the date of partial payment. *Pick v. Pick,* 184 Neb. 716, 171 N.W.2d 766 (1969); *Sornberger v. Lee,* 14 Neb. 193, 15 N.W. 345 (1883). However, the defendant refers this court to a more recent Nebraska Supreme Court case, *T.S. McShane Co. v. Dominion Construction Co.,* 203 Neb. 318, 278 N.W.2d 596 (1979) wherein the court stated:

> Broadly speaking, the rule that part payment tolls the statute of limitations is based upon the theory that part payment "amounts to voluntary acknowledgment of the existence of the debt, from which the law implies a new promise to pay the balance." It follows, therefore, that for a part payment to have the effect of tolling the statute of limitations, it must be made under such circumstances as to fairly warrant the inference that the debtor recognizes the whole of the debt as an existing liability. 51 Am.Jur.2d, Limitation of Actions, Sec. 366, p. 855. In *Beacom v. Daley,* 164 Neb. 120, 81 N.W.2d 907, it was said: "A voluntary payment upon a claim otherwise barred by the statute of limitations is one that was intentionally and consciously made and accepted as part payment of the particular indebtedness in question under such circumstances as would warrant a clear inference that the debtor assented to and acknowledged the greater debt to be due as an existing liability."

In her summary judgment proof, the defendant executrix stated, under oath, that she had no knowledge of any promissory notes having been executed by her deceased husband until she first saw copies of them contained in the plaintiff's original petition. She stated that she had made a payment of $115,000 to appellant only because she thought her husband's estate was obligated for that amount, and that she had not acknowledged, nor given anyone else authority to acknowledge, the indebtedness sued for by the plaintiff. She stated that she could not have acknowledged the debt because she did not know about the notes until after the suit was filed.

The plaintiff argues that there is summary judgment evidence contradicting defendant's affidavit, and she asks this court to consider a deposition filed in the district court proceeding, which is included in a supplemental transcript. Although this court granted leave to file such transcript, it did not decide whether the deposition was properly before the court for its review.

To be used as summary judgment evidence, depositions must be signed and filed with the court at the time the motion is heard. *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624 (Tex.App.—Corpus Christi 1982, no writ); *Graves v. George Dullnig & Co.,* 548 S.W.2d 502 (Tex.Civ.App.—Eastland 1977, no writ). Although the deposition in question was apparently filed in the original suit, which the district court dismissed for want of jurisdiction, it does not appear to have been filed in the probate court. Therefore, it was not before the probate court at the time of the hearing on the motion for summary judgment. The trial court is charged with the duty of considering the record only as it properly appears when the motion for summary judgment is heard. *Brown v. Prairie View A&M University,* 630 S.W.2d 405 (Tex.App. Houston [14th Dist.] 1982, writ ref'd. n.r.e.). We hold that the deposition is not properly before this court for review, and we refuse to consider it on this appeal.

The plaintiff also filed an affidavit with her response to the motion for summary judgment, in which she incorporates copies of checks allegedly received from the defendant's deceased husband's account, and from the defendant herself, as independent executrix of her husband's estate. She also attached a copy of a letter from an attorney, allegedly acknowledging the debt owed to her. However, none of these documents contain any specific reference to any of the five promissory notes, and make only general references to the debt owed to the plaintiff. One check, the $115,000 payment, states: "For Principal." In *Degmetich v. Beranek,* 188 Neb. 659, 199 N.W.2d 8 (Neb.1972), the Nebraska

Supreme Court held that in order to remove the bar of the statute, the debtor must unqualifiedly acknowledge an existing liability, and that a mere reference to the indebtedness, although consistent with its existing validity, is not such an acknowledgment. Thus, under Nebraska law, there must be an unqualified and direct admission of a presently subsisting debt on which the party is liable. *Id.*, 199 N.W.2d at 10.

It was the defendant's burden to establish conclusively the application of the statute of limitations to the plaintiff's cause of action and, under the circumstances presented, to negate the applicability of the plaintiff's claim with respect to the tolling of the limitation statute. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975). We conclude that the defendant met this burden by presenting uncontroverted summary judgment proof of such a nature as to conclusively establish that the statute had not been tolled. *See, Valley International Properties v. Ray*, 586 S.W.2d 898 (Tex.Civ.App.—Corpus Christi 1979, no writ).

The judgment of the trial court is affirmed.